1  Brian A. Sutherland (SBN 248486)
   bsutherland@reedsmith.com
2  Ashley L. Shively (SBN 264912)
3  ashively@reedsmith.com
   REED SMITH LLP
4  101 Second Street, Suite 1800
   San Francisco, CA  94105-3659
5  Telephone: (415) 543-8700
6  Facsimile:  (415) 391-8269

7  Attorneys for Defendant Yelp Inc., for
   itself and as successor-in-interest to
8  Nowait, Inc.

9
10                    UNITED STATES DISTRICT COURT
11                    NORTHERN DISTRICT OF CALIFORNIA
12                        SAN FRANCISCO DIVISION
13

| | |
|---|---|
| 14  MARCHE MEEKS, on behalf of himself and others similarly situated, | Case No. |
| 15  | |
| 16             Plaintiff, | **NOTICE OF REMOVAL** |
| 17      vs. | [Removal of civil action from Superior Court of California, San Francisco County, Case No. CGC-17-561814] |
| 18  BUFFALO WILD WINGS, INC., a Minnesota corporation; BLAZIN WINGS, | |
| 19  INC., a Minnesota corporation; YELP, INC., a Delaware corporation; | |
| 20  NOWAIT, INC., a Delaware corporation; WINGMEN V, LLC, a Washington limited | |
| 21  liability company, and DOES 1 through 50, inclusive, | |
| 22  | |
| 23             Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to sections 1331, 1441, 1446, and 1453 of Title 28 of the United States Code, defendant Yelp Inc. ("Yelp") hereby removes the above-captioned action to the United States District Court for the Northern District of California, San Francisco Division. Removal is proper because, as set forth herein, this Court has subject matter jurisdiction over the claims at issue in the action and the procedural requirements for removal have been satisfied.

Intra-district assignment is proper in San Francisco because plaintiff filed his complaint in San Francisco County Superior Court.

**REMOVAL IS PROPER BECAUSE THE DISTRICT COURT HAS ORIGINAL JURISDICTION OF THIS ACTION AND REMOVAL IS TIMELY**

1. On October 10, 2017, plaintiff Marche Meeks filed a complaint in the Superior Court of the State of California, County of San Francisco, entitled *Meeks v. Buffalo Wild Wings, Inc.*, Case No. CGC-17-561814 (the "state court action"). The register of actions and complaint are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

2. The complaint was served on defendant Yelp on November 15, 2017. The complaint also names as defendants Buffalo Wild Wings, Inc.; Blazin Wings, Inc.; Nowait, Inc.; and Wingmen V, LLC. The complaint also purports to sue unidentified defendants "Does 1 through 50, inclusive," which are fictitious persons.

3. The undersigned represents Yelp in this matter. On February 28, 2017, Yelp acquired all of defendant Nowait, Inc.[1] Thus, Yelp appears in this matter for itself

---

[1] Yelp's acquisition of Nowait, Inc. is not disputed. *See* Compl. ¶ 27 ("Yelp acquired Nowait in 2017."); *see also* Yelp Acquires Leading Restaurant Waitlist Service Nowait (Mar. 1, 2017), http://www.businesswire.com/news/home/20170301005514/ en/Yelp-Acquires-Leading-Restaurant-Waitlist-Service-Nowait (last visited Nov. 27, 2017); Yelp Buys Pittsburgh Startup Nowait (Mar. 1, 2017), Pittsburgh Post-Gazette,

and as successor-in-interest to Nowait, Inc. The remaining defendants (Buffalo Wild Wings, Inc.; Blazin Wings, Inc.; and Wingmen V, LLC) are represented by separate counsel.

4. This Notice of Removal is timely because it is being filed within thirty days of service of the complaint on Yelp. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

5. In his complaint, Meeks asserts two causes of action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. Meeks alleges that Yelp negligently and willfully violated the TCPA by sending a text message containing advertising or marketing to members of the putative class, without their prior written consent, by means of an automatic dialing system. Both causes of action arise under the laws of the United States.

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Meeks alleges that Yelp violated the laws of the United States, namely, the TCPA and federal regulations promulgated thereunder. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 744-45 (2012).

7. This action is also within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. As set forth below, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA. *See Lowdermilk v. U.S. Bank, N.A.*, 479 F.3d 994, 997 (9th Cir. 2007).

8. <u>Covered Class Action</u>. This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C.

---

http://www.post-gazette.com/business/tech-news/2017/03/01/Yelp-buys-Pittsburgh-startup-Nowait/stories/201703010192 (last visited Nov. 27, 2017).

§§ 1332(d)(1)(B), 1453(a)& (b). (Compl. ¶ 39).

9. <u>Diversity</u>. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Defendant Buffalo Wild Wings, Inc. is a Minnesota corporation with its principal place of business in Minnesota. Compl. ¶ 4. Defendant Blazin Wings, Inc. is a Minnesota corporation with its principal place of business in Minnesota. *Id.* ¶ 5. Defendant Yelp Inc. is a Delaware corporation with its principal place of business in California. *Id.* ¶ 6. Defendant Wingmen V, LLC is a Washington limited liability corporation with its principal place of business in Washington. *Id.* ¶ 8. Meeks purports to bring this action on behalf of nationwide classes. *Id.* ¶ 40. Thus, the diversity requirements of CAFA are satisfied. 28 U.S.C. § 1332(d)(2)(A).

10. <u>Class Action Consisting of More than 100 Members</u>. Meeks alleges that members of the two nationwide TCPA putative classes "number in the thousands, if not more." Compl. ¶ 41; *see also id.* ¶ 49 (alleging class consists of "more than a thousand members"). Based on the allegations in the Complaint, the number of purported class members is greater than 100. *Id.* ¶¶ 33-34.

11. <u>Amount in Controversy</u>. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). Damages claimed are $1,500 per TCPA violation. Compl., Prayer for Relief. Thus, if the complaint alleges that 3,334 class members sustained TCPA violations, the amount in controversy exceeds the jurisdictional threshold. (3,334 x $1,500 = $5,000,000). Meeks alleges "class members number in the thousands, if not more." *Id.* ¶¶ 32, 41. *See also id.* ¶ 49. Meeks also alleges that at least one text message he received at each of two restaurants was not TCPA-compliant. *Id.* ¶¶ 14, 19, 20, 26. Further, Meeks alleges two nationwide classes of "all persons within the United States," which allegedly number in the "thousands." *Id.* ¶¶ 32, 40, 41, 49. These

1 purported nationwide classes refer to different defendants and different text messages.
2 Lastly, in addition to willful damages under the TCPA, the complaint requests
3 "compensatory, special, general, and punitive damages according to proof against
4 Defendants." *Id.*, Prayer for Relief. Without conceding any merit to the complaint's
5 damages allegations or causes of action, the amount in controversy here, as alleged in
6 Meeks' complaint, satisfies CAFA's jurisdictional threshold.

7     12.    Under 28 U.S.C. § 1441(a), Yelp may remove the state court action to this
8 Court because this Court has original jurisdiction over the action under 28 U.S.C.
9 § 1331 and because the state court action is pending in this district and division.
10 Removal is also authorized by 28 U.S.C. § 1453 because this Court has original
11 jurisdiction under 28 U.S.C. § 1331 and because the state court action is a "class
12 action" within the meaning of 28 U.S.C. § 1332(d)(1)(B).

13     13.    In compliance with 28 U.S.C. § 1446(d), Yelp will serve on Meeks, and will
14 file with the Clerk of the California Superior Court for the County of San Francisco, a
15 written "Notice to the Clerk of the Superior Court and Adverse Parties of Removal to
16 Federal Court," attaching a copy of this Notice of Removal and all supporting papers
17 filed with this Court.

18     14.    Because Meeks initiated a class action and this Court has original
19 jurisdiction over his claims, defendant Yelp may remove this action "without the
20 consent of all defendants." 28 U.S.C. § 1453(b).

21     15.    In addition, although the consent of all defendants is not required for
22 removal under 28 U.S.C. § 1453, the undersigned counsel avers that he is authorized to
23 represent and hereby represents that all defendants consent to removal. *Proctor ex rel.*
24 *Siliconix, Inc. v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009)
25 (averment of other defendants' consent is sufficient for removal).

26     16.    No previous application has been made for the relief requested herein.
27     17.    Accordingly, and for the reasons stated above, this notice of removal
28 satisfies all the requirements of removal and removal to this Court is proper.

WHEREFORE, Yelp respectfully removes this action from the California Superior Court, County of San Francisco, to this Court.

DATED:  December 14, 2017

                    REED SMITH LLP

                    By: /s/ Brian A. Sutherland
                        Brian A. Sutherland
                        Ashley L. Shively
                        Attorneys for Defendant
                        Yelp Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware